IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONDAY RESTAURANTS LLC, on behalf of itself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 4:20-cv-00767-SNLJ ) |
| INTREPID DIRECT INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| ANDREW DILL, DMD, AMY VARBLE, DMD, AND MICHAEL WONG, DMD, P.C., on behalf of itself and all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 4:20-cv-01015-RWS ) |
| TRI-STATE INSURANCE COMPANY OF MINNESOTA, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiffs submit this response to Defendants' Notice of Supplemental Authority, Doc. #63.

Defendants' submission is largely devoted to a lengthy argument about the recent decision in *Ballas Nails & Spa, LLC v. Travelers Cas. Ins. Co. of Am.*, 2021 WL 37984 (E.D. Mo. Jan. 5, 2021). With all due respect to Judge Perry, that decision is not controlling on this Court and should not be followed if this Court disagrees with it. *See RCN Capital, LLC v. Los Angeles Rams, LLC*, 2018 WL 11240505, at *5 n.7 (E.D. Mo. June 27, 2018) ("[T]he Court is not bound

by a decision of another Judge within this district, *See Bjornson v. Soo Line R. Co.*, 2015 WL 5009349, at *14 (D. Minn. Aug. 24, 2015)").

Moreover, the Court does not necessarily have to disagree with Judge Perry to reach a different result either on the Virus Exclusion or on whether Plaintiffs' losses must be due to physical damage to their property. With respect to the Virus Exclusion, the plaintiff in *Ballas Nails* did not argue the "anti-concurrent loss" principle or that the Virus Exclusion did not apply where the coronavirus was an indirect cause of the plaintiff's loss, as Plaintiffs do here. *See* Plaintiff's Memorandum in *Ballas Nails*, Ex. A hereto, at 13-14. Nor did the plaintiff argue that the defendant was estopped from relying on the exclusion by equitable or regulatory estoppel, as Plaintiffs likewise do here. *Id.* Judge Perry therefore did not consider any of those arguments. *See* Ballas Nails, 2021 WL 37984, at *6. Instead, the *Ballas Nails* plaintiff merely argued that the exclusion did not apply because the loss was caused by governmental orders due to "virus proliferation." *See* Ex. A at 13-14. Plaintiffs here do not make that argument. Accordingly, *Ballas Nails* would not be controlling on the Virus Exclusion even if the Court were bound by it.

The same is true for the ruling in that case on whether the plaintiff sustained direct physical loss of or damage to their property. The court distinguished *Studio 417, Inc. v. Cincinnati Ins. Co.,* 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020), on the ground that that plaintiff alleged contamination of its property with coronavirus. *Ballas Nails*, 2021 WL 37984, at *3–4. The court observed that "Ballas cites no case holding that mere loss of use of property constitutes 'direct physical loss or damage' to the property." *Ballas Nails* at *4. But Plaintiffs *have* cited such cases. Among the cases that the *Ballas Nails* plaintiff *didn't* mention and therefore Judge Perry didn't address are *Blue Springs Dental Care, LLC v. Owners Ins. Co.,* 2020 WL 5637963, at *4 (W.D. Mo. Sept. 21, 2020) – a case with a "loss of" policy like those here – which reached the same result as *Studio 417* even though the *Blue Springs Dental* plaintiff did not allege

contamination of its property. Nor did the *Ballas Nails* plaintiff mention the Eighth Circuit's interpretation of "loss of" in *Source Food Tech., Inc. v. U.S. Fid. & Guar. Co.*, 465 F.3d 834, 835 (8th Cir. 2006). Although Judge Perry cited that case, it was for a different point, whether a government order was the cause of the loss in the absence of contamination. *See Ballas Nails*, at *4. Again, that is not an argument Plaintiffs make.

Defendants also cite Judge Perry's consideration of an exclusion for "loss of use or loss of market." In its brief, the *Ballas Nails* plaintiff did not mention that exclusion (*see* Ex. A), and Judge Perry therefore did not have the benefit of an argument as to why it didn't apply. Moreover, Judge Perry did not address Plaintiffs' argument that that exclusion doesn't apply because it has no proviso that it applies "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

Defendants also list a number of recent cases from other states that did not involve Missouri law. Not only are those decisions not controlling, but they merely highlight the Missouri principle that "[t]he fact that several jurisdictions have reached divergent conclusions about the meaning of [a] term … is evidence of the term's ambiguity under Missouri law." *Harrison v. Tomes*, 956 S.W.2d 268, 270 (Mo.1997). But if the Court considers those cases, it should also consider the recent decisions that denied motions to dismiss. For example, in denying dismissal in *Elegant Massage, LLC v State Farm Mutual Automobile Insurance Company*, 2020 WL 7249624, at *10 (E.D. Va. Dec. 9, 2020), the court ruled that "it is plausible that Plaintiffs experienced a direct physical loss when the property was deemed uninhabitable, inaccessible, and dangerous to use by the Executive Orders because of its high risk for spreading COVID-19 …." Here are similar decisions:

> *JGB Vegas Retail Lessee, LLC v. Starr Surplus Lines Insurance Company,* No. A-20-816628-B (Clark County, Nevada Nov. 30, 2020) (Ex. B).

3

*Wagner Shoes, LLC v. Auto-Owners Ins. Co.*, No. 7:20-CV-00465-LSC, 2020 WL 7260032 (N.D. Ala. Dec. 8, 2020).

*Baldwin Acad., Inc. v. Markel Ins. Co.*, No. 3:20-CV-02004-H-AGS, 2020 WL 7488945, at *5 (S.D. Cal. Dec. 21, 2020).

*Sylvester & Sylvester Inc. v. State Automobile Mutual Insurance Company*, No. 2020CV00817 (Stark County, Ohio Jan. 7, 2021) (Ex.C).

*Humans & Res., LLC v. Firstline Nat'l Ins. Co.*, No. 20-CV-2152, 2021 WL 75775, at *1 (E.D. Pa. Jan. 8, 2021).

*Queen's Tower Restaurant Inc. v. Cincinnati Financial Corporation*, No. A2001747 (Hamilton County, Ohio January 8, 2021) (Ex. D).

*Johansing Family Enterprises LLC v Cincinnati Specialty Underwriters Insurance Company*, No. A2002349 (Hamilton County, Ohio Jan. 8, 2021) (Ex. E).

Also of note is that more than 1,400 COVID-19 insurance cases have been filed in U.S. courts to date.[1] Only a small portion have had decisions on motions to dismiss.

Dated: January 19, 2021        Respectfully submitted,

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**

By:  */s/ Richard S. Cornfeld*
Richard S. Cornfeld, #31046MO
Daniel S. Levy, #66039MO
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
P. 314-241-5799
F. 314-241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC

---

[1] *See* https://cclt.law.upenn.edu/cclt-case-list/ (accessed 1/18/2021).

4

555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2021, the foregoing was filed with the Court Clerk via the Court's electronic filing system and served on upon all counsel of record via the Court's electronic notification system.

/s/ Richard S. Cornfeld