UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONDAY RESTAURANTS LLC, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:20 CV 767 SNLJ |
| INTREPID INS. CO., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANDREW DILL, DMD, AMY VARBLE, DMD, AND MICHAEL WONG, DMD, P.C., on behalf of itself and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:20 CV 1015 SNLJ |
| TRI-STATE INS. CO. OF MINNESOTA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046,

1

1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2010).

The complaints in these consolidated cases assert the Court has jurisdiction over the actions pursuant to 28 U.S.C. § 1332(d)(2) because there is diversity between defendants and at least one member of the class; there are more than one hundred members of the class; and the amount in controversy in the class claims exceeds $5,000,000.

Plaintiff Monday Restaurants, LLC, is a Limited Liability Company ("LLC"). The Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for an LLC party, the Court must examine the citizenship of each member of the LLC to determine whether diversity jurisdiction exists. Plaintiff Monday alleges it is a Missouri limited liability company with its principal place of business in Missouri. The information plaintiff alleges is insufficient for the Court to examine the citizenship of each of its members.

A corporation is a citizen of the states where it has its place of incorporation and its principal place of business. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); *Sanders*, 823 F.2d at 216. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Sanders*, 823 F.2d at 216 (quotation marks omitted). Both plaintiff Monday and plaintiff Dill name corporate party defendants, and plaintiff Dill

itself alleges it is a professional corporation, but neither plaintiff properly and clearly alleges both the place of incorporation and principal place of business of corporate parties.

The Court must ensure it has subject matter jurisdiction over these matters before addressing defendants' motions to dismiss. Accordingly, both plaintiffs must file amended complaints in accordance with this memorandum, clearly alleging the citizenship of each party. If plaintiffs do so and establish subject matter jurisdiction, each party can file motions renewing their respective motions to dismiss and briefing in support or their briefing in opposition.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 7, 2021, plaintiffs shall each file an amended complaint in accordance with this memorandum.

**IT IS FURTHER ORDERED** that if plaintiffs do not timely and fully comply with this order, these matters will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in these cases are **STAYED** pending further order of this Court.

Dated this 27th day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE